**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

JESSICA GUAMAN,

                                  Plaintiff,

       -against-

THE CITY OF NEW YORK, a municipal entity; New York City Police Supervisors and Commanders RICHARD and RACHEL ROEs 1-5; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE, Shield No. 7160; New York City Undercover Police Officer C0140; New York City Police Officer JOHN BENEDICT, Shield No. 7783; New York City Police Officers JOHN and JANE DOES 1-5; individually and in their official capacities, jointly and severally, (the names John and Jane Doe, as well as Richard and Rachel Roe, being fictitious, as the true names of these defendants are presently unknown),

                                  Defendants.

**COMPLAINT**

**13 Civ. 8902 (RA) (MHD)**

**JURY TRIAL DEMANDED**

-------------------------------------------------------------X

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages, attorney's fees, and costs pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution for violations of her civil rights as said rights are secured by said statutes and the Constitution of the United States.

2. It is alleged that individual police officer defendants used unreasonable and excessive force against plaintiff, and engaged in unreasonable and discriminatory conduct during her seizure. It is also alleged that plaintiff was intentionally subjected to such unreasonable conduct by defendants based on her sex and sexual orientation.

3. The defendants in this action, THE CITY OF NEW YORK, a municipal entity; RICHARD and RACHEL ROEs 1-5; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE, Shield No. 7160; New York City Undercover Police Officer CO 140; New York City Police Officer JOHN BENEDICT, Shield No. 7783; and New York City Police Officers JOHN and JANE DOES 1-5, individually and in their official capacities, jointly and severally, implemented, enforced, encouraged, sanctioned and/or ratified policies, practices, customs, and/or actions resulting in (i) use of excessive force against plaintiff and (ii) discrimination against plaintiff based on sex and sexual orientation.

4. Plaintiff seeks (i) compensatory damages for the injuries caused by defendants' unlawful conduct; (ii) punitive damages assessed against the individual defendants to deter such intentional or reckless deviations from well-settled constitutional law; (iii) an award of attorneys' fees and costs; and (iv) such other relief as this Court deems equitable and just.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for violation of plaintiff's constitutional, civil, statutory, and common law rights.

## VENUE

7. Venue is properly laid in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## JURY DEMAND

8. Plaintiff respectfully demands a trial by jury of all issues in this action and on each and every one of her damage claims, pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

9. Plaintiff JESSICA GUAMAN is and was at all relevant times, a resident of the City and State of New York.

10. Defendant the CITY OF NEW YORK ("the City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant the CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the CITY OF NEW YORK.

12. Defendant New York City Police Detective BRIAN TRIBBLE, Shield No. 7160, is the signatory to the criminal complaints lodged against plaintiff in connection with the incident complained of herein, participated in the arrest and use of excessive force against plaintiff, and/or failed to intervene to stop the unconstitutional and illegal actions complained of herein, despite having the

ability to do so, and at all times hereinafter mentioned was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

13. Defendant New York City Police Department Undercover Officer CO 140 participated in the arrest and use of excessive force against plaintiff, and/or failed to intervene to stop the unconstitutional and illegal actions complained of herein, despite having the ability to do so, and at all times hereinafter mentioned, was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

14. SGT. BENJAMIN BENSON was the supervisor at the scene of plaintiff's arrest and participated in and/or failed to intervene to stop the unconstitutional and illegal actions taken by officers under his command despite having the ability to do so, and was a duly sworn police officer of the New York City Police Department acting under the supervision of said department and according to his official duties.

15. New York City Police Officer JOHN BENEDICT, Shield No. 7783, was a transporting officer, participated in and/or failed to intervene to stop the unconstitutional and illegal actions complained of herein, despite having the ability to do so, and was a duly sworn police officer of the New York City Police Department acting under the supervision of said department and according to his official duties.

16. New York City Police Supervisors and Commanders RICHARD and RACHEL ROEs 1-5; New York City Sergeant BENJAMIN BENSON; New York

City Police Detective BRIAN TRIBBLE; New York City Undercover Police Officer CO 140; New York City Police Officer JOHN BENEDICT; and New York City Police Officers JOHN and JANE DOES 1-5 are NYPD Command and Police Officers who were involved in the discriminatory treatment, abusive conduct, and use of excessive force complained of herein, and all of the actions and conduct associated therewith, and/or actually discriminated against, verbally abused, and used excessive force against the plaintiff, all without lawful justification or privilege, or failed to intervene to prevent violations of plaintiff's constitutional rights, despite having the ability to do so. They are sued individually and in their official capacities.

17. Defendants RICHARD and RACHEL ROEs 1-5; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Undercover Police Officer CO 140; New York City Police Officer JOHN BENEDICT; and New York City Police Officers JOHN and JANE DOES 1-5 are duly sworn, appointed, or acting officers and/or employees and/or agents of the City of New York. They include the individuals who directed and/or authorized the use of unreasonable and excessive force against plaintiff and discriminatory harassment and abuse of plaintiff; and/or actually used unreasonable and excessive force against, harassed, and/or engaged in discriminatory abuse of plaintiff, all without lawful justification, privilege or consent.

18. Upon information and belief, defendants Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Undercover Police Officer CO 140, and RICHARD AND RACHEL ROEs were

5

personally involved in formulating and/or implementing the policies and procedures that resulted in discrimination, abusive treatment, and use of excessive force against plaintiff.

19. At all times relevant herein, defendants RICHARD and RACHEL ROEs 1-5; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Undercover Police Officer CO 140; New York City Police Officer JOHN BENEDICT; and New York City Police Officers JOHN and JANE DOES 1-5, either personally or through their subordinates, acted under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or the City of New York.

20. Each and all of the acts of the defendants alleged herein were undertaken while acting in the course and scope of their duties and functions as agents, employees, and officers of the CITY OF NEW YORK and/or the NYPD when engaging in the conduct described herein.

21. At all times relevant herein, defendants acted for and on behalf of the CITY OF NEW YORK and/or the NYPD, in furtherance of their employment by defendant the CITY OF NEW YORK, with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

22. At all times relevant herein, defendants RICHARD and RACHEL ROEs 1-5; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Undercover Police Officer CO 140;

6

New York City Police Officer JOHN BENEDICT; and New York City Police Officers JOHN and JANE DOES 1-5, violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the U.S. Constitution of which a reasonable police officer and/or public official under their respective circumstances would have known.

**<u>Defendant's policy, custom, or practice of engaging in unlawful and abusive treatment of transgender or gender non-conforming people</u>**

23.     According to *Stonewalled: Police Abuse and Misconduct Against Lesbian, Gay, Bisexual and Transgender People in the U.S.* (Amnesty International 2005), numerous transgender and gender non-conforming individuals have alleged that they have been subjected to verbal harassment, abuse, and unlawful and excessive force, including, but not limited to, unnecessary and inappropriate touching or squeezing of their chest and genital areas, performed in the absence of individualized suspicion that they were concealing weapons or contraband or of any lawful justification or privilege, by NYPD officers acting under color of law.

24.     Widespread verbal, physical, and sexual harassment and abuse and use of excessive force against transgender people by NYPD officers has been reported specifically in the 115th precinct, the precinct in which plaintiff was arrested, as documented by the report *Transgressive Policing: Police Abuse of Transgender Communities of Color in Jackson Heights* (2012).[1]

---

[1] This report is available at: available at:
http://www.maketheroad.org/pix_reports/MRNY_Transgressive_Policing_Full_Report_10.23.12B.pdf.

25. Plaintiff, a transgender woman, was, pursuant to such a policy, practice, and/or custom, subjected to verbal abuse and harassment and excessive force in the form of grabbing and squeezing her genitals, against her will and without her consent, by defendant NYPD officers.

26. The policies, practices or custom of defendants CITY OF NEW YORK, RICHARD and RACHEL ROEs 1-5; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Undercover Police Officer CO 140; New York City Police Officer JOHN BENEDICT; and New York City Police Officers JOHN and JANE DOES 1-5 of (i) verbally harassing and abusing transgender and gender non-conforming people and (ii) using excessive force against transgender and gender non-conforming people (iii) viewing or touching the genital areas of transgender or gender non-conforming New Yorkers without probable cause, lawful justification or privilege violated plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution.

27. In addition to injunctive relief against the defendants' unconstitutional policies and practices, plaintiff seeks compensatory and punitive damages for the emotional and physical injuries she suffered which were proximately caused by the defendants' unconstitutional conduct pursuant to these policies, practices and customs, as well as an award of attorneys' fees and costs.

**FACTUAL ALLEGATIONS**

28. Plaintiff JESSICA GUAMAN is a resident of the City of New York.

29. Plaintiff was arrested at or about 11:40 PM on December 18, 2010 in or about the vicinity of 102-25 Roosevelt Avenue, 2nd floor, in the City of New York.

30. At the time of her arrest, Ms. Guaman was lawfully present at that location, which was her home, and was not violating any lawful order from a police officer.

31. Immediately preceding her arrest, Defendant New York City Police Department Undercover Officer CO 140 was present at Ms. Guaman's home in the course of an undercover operation.

32. On his signal, New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Police Officer JOHN BENEDICT; and/or New York City Police Officers JOHN and JANE DOES 1-5 entered the apartment, handcuffed plaintiff, and placed her under arrest. At no time did plaintiff resist arrest.

33. After she was handcuffed, New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Police Officer JOHN BENEDICT; and/or New York City Police Officers JOHN and JANE DOES 1-5 ordered plaintiff to kneel on the ground. Ms. Guaman complied with the order and knelt to the ground, causing her dress to ride up and her genitals to become visible.

34. Defendant New York City Police Department Undercover Officer CO 140; New York City Sergeant BENJAMIN BENSON; New York City Police

9

Detective BRIAN TRIBBLE, Shield No. 7160; New York City Police Officer JOHN BENEDICT, Shield No. 7783; and/or New York City Police Officers JOHN and JANE DOES 1-5 then proceeded to ridicule plaintiff, saying, in sum and substance, "this is a man, it's a fucking faggot," and laughing.

35.  While plaintiff was already kneeling on the ground handcuffed, Defendant New York City Police Department Undercover Officer CO 140; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Police Officer JOHN BENEDICT, Shield No. 7783; and/or New York City Police Officers JOHN and JANE DOES 1-5 ordered plaintiff to lay face down on the ground.

36.  As plaintiff attempted to comply with this order with her hands cuffed behind her back, Defendant New York City Police Department Undercover Officer CO 140; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Police Officer JOHN BENEDICT, Shield No. 7783; and/or New York City Police Officers JOHN and JANE DOES 1-5 pushed Ms. Guaman to the ground from behind, causing her face and upper body to strike the floor.

37.  Defendant New York City Police Department Undercover Officer CO 140; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Police Officer JOHN BENEDICT; and/or New York City Police Officers JOHN and JANE DOES 1-5 then proceeded to stomp four times on the back of plaintiff's head with a shod foot, repeatedly slamming her head to the ground, or failed to intervene in said stomping, causing

Ms. Guaman to suffer a broken tooth, lesions on her lips, and fractures to her zygomatic arch and nose.

38. While Ms. Guaman lay on the ground, defendant New York City Police Department Undercover Officer CO 140; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Police Officer JOHN BENEDICT; and/or New York City Police Officers JOHN and JANE DOES 1-5 also proceeded to grab her genitals and squeeze them hard, or failed to prevent such egregious misconduct, causing substantial pain and injury.

39. All of the acts complained of herein took place while defendants RICHARD and RACHEL ROEs 1-5; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Undercover Police Officer CO 140; New York City Police Officer JOHN BENEDICT; and New York City Police Officers JOHN and JANE DOES 1-5 looked on while laughing and without intervening.

40. Plaintiff was subsequently taken to the 115th Precinct of the New York City Police Department and placed in a cell. She was later transported to Queens Central Booking, arraigned, and held on bail.

41. Once in the custody of the New York City Department of Correction, Ms. Guaman was transported to Bellevue Hospital for the medical treatment of the injuries she sustained as a direct and proximate result of defendants' actions.

42. As a direct and proximate result of defendants' actions, Ms. Guaman has suffered, *inter alia*, physical, mental, and emotional injury and pain,

11

mental anguish, suffering, humiliation and embarrassment, and deprivation of her constitutional rights.

## FEDERAL CAUSES OF ACTION

### First Claim for Relief
### Excessive Force in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the Constitution

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein, and incorporating them by reference.

44. The force employed by defendants RICHARD and RACHEL ROEs 1-5; New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Undercover Police Officer CO 140; New York City Police Officer JOHN BENEDICT; and New York City Police Officers JOHN and JANE DOES 1-5 against Ms. Guaman was objectively unreasonable and violated plaintiff's constitutional rights.

45. As a result of the aforementioned conduct of the defendants, plaintiff was subjected to excessive force and sustained physical and emotional injuries.

### Second Claim for Relief
### Denial of Equal Protection in Violation of 42 U.S.C. § 1983 and the Fourteenth Amendment Based on Sex and Sexual Orientation

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein, and incorporating them by reference.

47. The conduct of defendants as heretofore described was motivated by animus against Ms. Guaman on the basis of sex and sexual orientation.

48. Defendants acted with intent to treat plaintiff disparately on the basis of sex and sexual orientation.

49. As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering, and mental anguish.

### Third Claim for Relief
### Failure to Intervene in Violation of 42 U.S.C.§ 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

51. Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of her constitutional rights.

52. The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of her constitutional rights incurred by the use of excessive force against her, despite having had a realistic opportunity to do so.

53. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated.

### Fourth Claim for Relief
### Supervisory Liability For Deprivation of Rights Under the United States Constitution and 42 U.S.C. §§ 1981 and 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

55.     By their conduct in failing to remedy the wrongs committed by employees of the THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise, or discipline employees of the THE CITY OF NEW YORK under their supervision; and in directing employees under their supervision, defendants New York City Sergeant BENJAMIN BENSON; New York City Police Detective BRIAN TRIBBLE; New York City Undercover Police Officer CO 140; and RACHEL and RICHARD ROEs, acting under the color of state law and in their individual and official capacities and within the scope of their employment, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth and Fourteenth Amendments.

56.     As a result of the foregoing, plaintiff suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### Fifth Claim for Relief
### Municipal Liability Pursuant to 42 U.S.C. § 1983

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein, and incorporating them by reference.

58.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that amounted to a custom, usage, practice, procedure or rule of the respective municipality/authority which is forbidden by the Constitution of the United States.

59. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, (i) use of excessive force against transgender and gender non-conforming New Yorkers; (ii) verbal harassment and abuse of transgender and gender non-conforming New Yorkers; (iii) viewing or touching the genital areas of transgender or gender non-conforming New Yorkers without probable cause, lawful justification or privilege.

60. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the aforementioned reports and by the following civil rights actions filed against the City of New York: *Tikkun v. City of New York, et al.*, 05cv9901; *Bunim v. City of New York, et al.*, 05cv1562; *Lopez v. City of New York, et al.*, 08cv3311; *Lamot v. City of New York et al.*, 08cv5300; and *Mavilia v. City of New York, et al.*, 10cv0617.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department demonstrate deliberate indifference to the safety, well-being, and constitutional rights of plaintiff.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

64. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be subjected to excessive force;

    B. To receive equal protection under the law.

65. As a direct and proximate result of the defendants' actions, policies, practices and customs described above, plaintiff was subjected to unreasonable and excessive force and discriminatory and abusive conduct, and has suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering and mental anguish, and is entitled to compensatory damages to be determined at trial and punitive damages against the individual defendants to be determined at trial.

**WHEREFORE**, plaintiff respectfully requests that this Court:

    A. Award plaintiff compensatory damages in an amount to be determined at trial.

    B. Award punitive damages against the individual defendants in an amount to be determined at trial.

    C. Order defendants to implement effective training, supervision and disciplinary measures to prevent verbal and physical abuse of transgender and gender non-conforming New Yorkers.

    D. Award the plaintiff reasonable attorneys' fees and costs.

  E. Grant such other and further relief as this court shall find as appropriate and just.

Dated:  New York, New York
     December 17, 2013

              Respectfully submitted,

              _____/s_____
              ANDREA J. RITCHIE (AR 2769)
              990 President St., 1B
              Brooklyn, NY 11225
              (646) 831-1243